## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MALIK KUMAR,                              )
                                         )
        Petitioner,                      )
                                         )
v.                                       )     Case No. CIV-26-1639-SLP
                                         )
CHRIS GANTT, et al.,                     )
                                         )
        Respondents.                     )

### **O R D E R**

Petitioner, Malik Kumar, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1].  Before the Court is Respondents' Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 9].[1] Respondents acknowledge that this matter is controlled by the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026).[2]  Accordingly, the Court GRANTS IN PART the Petition [Doc. No. 1] as to Petitioner's statutory challenge to his detention pursuant to 8 U.S.C. § 1225(b)(2)(a).

IT IS THEREFORE ORDERED that the Petition [Doc. No. 1] is GRANTED IN PART.  Respondents are ORDERED to provide Petitioner with a proper bond hearing

---

[1] Respondents note that they filed the Response pursuant to the Court's Show Cause Order. *See* Resp. [Doc. No. 9] at 1. Respondents appear to address the Petition [Doc. No. 1], rather than the Court's directives in the Show Cause Order. *Id*.  Nonetheless, the Court finds that the Petition [Doc. No. 1] should be granted in part.

[2] Respondents nonetheless state they do not intend to waive appellate review and they do not concede that *Santillan Quiroz* was correctly decided.

pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.[3]

A separate judgment shall be entered.

IT IS SO ORDERED this 10th day of August, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.